UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Number: 14-24002-COOKE

CONTINENTAL TRUST CORPORATION
LIMITED,

    Appellant,

v.

BARRY MUKAMAL, as Trustee,

    Appellee.
_____/

## ORDER AFFIRMING BANKRUPTCY COURT ORDER

THIS MATTER is before me on Appellant Continental Trust Corporation Limited's ("Appellant" or "Continental Trust") appeal of the Bankruptcy Court's Order Denying Motion to Reopen Adversary and Motion to Vacate Default Final Judgment. (*See* Notice of Appeal, ECF No. 1). For the reasons stated below, I affirm the ruling of the Bankruptcy Court.

**I.   BACKGROUND**

This appeal arises from the Chapter 7 bankruptcy case of Sheela Kumar ("Kumar" or "Debtor"), commenced on March 4, 2011. *In re Sheela Kumar*, Case No. 11-15802-RAM (Bankr. S.D. Fla.). On January 17, 2012, the bankruptcy trustee of Kumar's Chapter 7 case, Barry Mukamal ("Trustee" or "Appellee"), filed an adversary proceeding against Continental Trust Corporation Limited. (ECF No. 2-2 at 5). The adversary proceeding alleged that Kumar had been under a court order in 2006 emanating from her divorce proceedings in California, whereby Kumar was not permitted to transfer marital property without the consent of her former husband or court order. Despite being under this court order, the adversary proceeding alleged that Kumar, without her former husband's consent or permission of the divorce court, wired $1.5 million to Continental Trust in November 2007 for the apparent purchase of stock of a corporation known as East Wind Fabrics. The stock was never purchased, and the Trustee alleged that Kumar never received anything of

1

value for the $1.5 million. Kumar listed the $1.5 million as an asset on her bankruptcy case schedules.

The Trustee sent Continental Trust a letter demanding return of the $1.5 million. After receiving no response, the Trustee brought the adversary proceeding alleging claims for fraudulent transfer and civil theft. *See Mukamal v. Continental Trust Corp. Ltd.*, No. 12-01047-RAM (Bankr. S.D. Fla.) ("Adversary Proceeding"). Continental Trust never responded to the Complaint. A clerk's default was entered on February 24, 2012. Adversary Proceeding, ECF No. 6. On March 1, 2012, a final default judgment was entered by the court for in excess of six million dollars. *Id.* at ECF No. 12. The clerk's default and the final default judgment was served by the Trustee and by the court's clerk on Continental Trust at 16 Par-La-Ville Road, Hamilton, Bermuda HM08, the same address used to effectuate service over Continental Trust. *Id.* at ECF Nos. 4, 7, 13, 14.

Continental Trust claims that the correct address for obtaining service upon is it 5th Floor, Richmond House, 12-Par-la-Ville Road, Hamilton HM08 Bermuda, and that it did not receive the Adversary Complaint, a copy of any motion for default or motion for default final judgment, or the Default Judgment until June 2012, three months after the Default Judgment was entered. (ECF No. 8 at 10 of 19).

Not nine months past the date of the entry of final default judgment, on November 14, 2012, Continental Trust appeared in the Adversary Proceeding and filed a Motion to Abate Discovery Or, In the Alternative, For an Extension of Time to Respond to Discovery (the "Motion to Abate"). *Id.* at ECF No. 18. In that Motion, Continental Trust stated that it "intends to *forthwith* file a motion to vacate the Default Final Judgment based upon the uncontested fact that the Trust never received money from the Debtor in its individual capacity, but simply received a loan from the Debtor in its capacity as the Trustee of the Cool Breeze Trust…." *Id.* (emphasis added). The Motion to Abate went on to stress how imminent the motion to vacate the final default judgment was: "Said motion will be filed in the immediate and close future (given the distance between the undersigned and the Trust, located in Bermuda, the motion to vacate was not filed prior to filing this Motion)." *Id.* The Motion to Abate was denied by the Bankruptcy Court, after hearing argument of counsel, on December 17, 2012. *Id.* at ECF No. 25.

For reasons unknown, it took Continental Trust until August 6, 2014, twenty-one (21) months after filing the Motion to Abate (and thirty (30) months after the entry of the Default Final Judgment), to file its Motion to Reopen Case and Motion to Vacate Default Final Judgment (the "Motion to Reopen"). *Id.* at ECF No. 28. Continental Trust's Motion to Reopen relied on Federal Rule of Civil Procedure 60(d)(1). A hearing was held on the Motion to Reopen on December 6, 2014. The bankruptcy court denied the requested relief. This appeal followed.

## II. STANDARD OF REVIEW

Appellant and Appellee disagree on the applicable standard of review. I find that the applicable standard of review for orders denying relief under Federal Rule of Civil Procedure 60(d)(1) is abuse of discretion. *Aldana v. Del Monte Fresh Produce N.A., Inc.*, 741 F.3d 1349, 1359 (11th Cir. 2014).

## III. DISCUSSION

Appellant argues that the Order Denying Motion to Reopen Adversary and Motion to Vacate Default Final Judgment should be reversed because holding Continental Trust liable for more than six million dollars would be unjust in that Continental Trust itself was never the recipient of the monies. I find that the bankruptcy court acted well within its discretion in denying Rule 60(d)(1) relief, and accordingly, affirm.

Federal Rule of Civil Procedure 60(d)(1) provides that a court has the power to "entertain an independent action to relieve a party from a judgment, order, or proceeding…."[1] Such independent actions are "reserved for those cases of injustices which, in certain instances, are deemed sufficiently gross to demand a departure from rigid adherence to the doctrine of res judicata." *Aldana*, 741 F.3d at 1359 (quoting *United States v. Beggerly*, 524 U.S. 38, 46 (1998)). Rule 60(d)(1) relief is only available if relief is required to "prevent a grave miscarriage of justice." *Beggerly*, 524 U.S. at 47. The Eleventh Circuit has identified the following elements required for Rule 60(d)(1) relief:

> (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the

---

[1] Federal Rule of Bankruptcy Procedure 9024 incorporates Federal Rule of Civil Procedure 60.

>absence of fault or negligence on the part of defendant; and (5) the absence of any remedy at law.

*Aldana*, 741 F.3d at 1358-59.

Appellant cannot demonstrate several of the elements required for Rule 60(d)(1) relief. First, Appellant has not presented any argument suggesting that "fraud, accident, or mistake" prevented it from obtaining the benefits of its defenses in the Adversary Proceeding. To the contrary, Appellant appeared in the Adversary Proceedings within nine months of the entry of the final default judgment to seek relief from post-judgment discovery, and professed its intent to *forthwith* file a motion to vacate the Default Final Judgment based upon the alleged fact that Continental Trust never received money from the Debtor in its individual capacity. At that time, a motion under Rule 60(b) would have been timely and had the potential to achieve the result Appellant now seeks. In sum, at that time, if not earlier, there was nothing preventing Appellant from obtaining the benefits of its defenses.

Second, Appellant cannot demonstrate the absence of fault or negligence on its part. For the same reasons stated previously, Appellant had a procedure in Rule 60(b) by which it could have challenged the final default judgment against it. It appeared in the Adversary Proceedings and professed an intent to file such a motion for relief. Inexplicably, however, it waited until August 6, 2014, twenty-one (21) months after filing the Motion to Abate (and thirty (30) months after the entry of the Default Final Judgment), to file its Motion to Reopen Case and Motion to Vacate Default Final Judgment. By then, the door to Rule 60(b) was securely closed to Appellant, and it could not meet the requirements of Rule 60(d)(1).

## IV.  CONCLUSION

Certainly, this Court and the bankruptcy court have an interest in having the cases before it resolve on the merits. But, Appellant cannot complain that it did not have the opportunity and procedural means for defending the Adversary Proceedings on the merits. The fact that it, for reasons unknown, failed to avail itself of that opportunity does not mean that holding Appellant to the consequences of that decision would result in grave miscarriage of justice. Accordingly, the Order Denying Motion to Reopen Adversary and Motion to Vacate Default Final Judgment is **AFFIRMED**. The Court finds that oral

argument would not assist it in resolving this matter, and therefore **DENIES** the request for same. All pending motions, if any, are **DENIED** as moot.

      **DONE and ORDERED** in chambers, at Miami, Florida, this 31st day of August 2015.

                                                            MARCIA G. COOKE
                                                            United States District Judge

Copies furnished to:
*Counsel of record*